[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-15176
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-02012-VMC-AAS


JOSEPH DENNIS GILBERTI, JR.,

Plaintiff-Appellant,

versus

ADRURRA GROUP, INC.,
a Florida corporation f.k.a.
King Engineering Associates, Inc.,
HENNINGSON, DURAM & RICHARDSON, INC.,
a Florida corporation a.k.a. HDR, Inc.,
STANTEC CONSULTING SERVICES, INC.,
a Florida corporation,
CAROLLO ENGINEERS, INC.,
a Florida corporation,
PROGRESSIVE WATER RESOURCES, LLC,
a Florida limited liability corporation,
HAZEN AND SAWYER, PC,
a Florida corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 23, 2020)

Before WILLIAM PRYOR, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Joseph Gilberti, proceeding *pro se*, appeals the district court's dismissal without prejudice of his complaint on the ground that his claims were wholly insubstantial and, thus, failed to confer subject matter jurisdiction. The six appellees have jointly moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] An appeal is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

We review *de novo* a district court's grant of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). Generally, the plaintiff must allege, with particularity, facts necessary to establish jurisdiction and must support his allegation if challenged to do so. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000). *Pro se* pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, *pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

To merit dismissal for lack of subject matter jurisdiction, a claim that apparently arises under the Constitution or federal statutes must be "patently without merit." *McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990). Even where a claim appears to invoke the federal question jurisdiction of the district court, the claim may be dismissed for lack of subject matter jurisdiction if (1) the claim is "immaterial and made solely for the purpose of obtaining jurisdiction"; or (2) the "claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998). The Supreme Court has held that

3

dismissal under Fed. R. Civ. P. 12(b)(1) is warranted in cases where the claims are "essentially fictitious" and "obviously without merit." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974).

Here, there is no substantial question that the district court lacked subject matter jurisdiction and that Gilberti's appeal is frivolous. *See Groendyke Transp., Inc.*, 406 F.3d at 1162. Liberally construing Gilberti's brief, his argument that the district court had jurisdiction—because the jurisdiction issue was intertwined with the merits—is without arguable merit. *See Napier*, 314 F.3d at 531. Gilberti essentially argues that, had the district court allowed discovery, it would have concluded that his complaint stated a claim. But the district court was not required to facilitate discovery to discover facts that would sustain Gilberti's claims and, in fact, it could not allow discovery to proceed without first determining whether it had subject matter jurisdiction. *See Campbell*, 760 F.3d at 1168-69 (stating that district courts are not required to "rewrite an otherwise deficient pleading in order to sustain an action"); *see also Am. Civ. Liberties Union of Fla., Inc., v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) ("[B]ecause of the fundamental constitutional precept of limited federal power, a district court should inquire into whether it has subject-matter jurisdiction at the earliest possible stage in the proceedings." (quotation marks and brackets omitted)). Moreover, it was Gilberti's burden to plead

4

facts sufficient to establish the district court's jurisdiction in his complaint.  *See Morrison*, 228 F.3d at 1273.

To the extent that Gilberti argues, in reliance on *Morrison v. Amway Corp.*,[2] that the district court essentially conducted a Rule 12(b)(6) analysis because, as he asserts, the merits of his claims were intertwined with the jurisdiction issue, that argument is not supported by the district court's dismissal order.  The district court did not address the merits of Gilberti's claim, as Rule 12(b)(6) requires, because, to do so, it would have had to explain why the facts he alleged failed to satisfy the elements for the RICO claim (and the other federal and state law claims) that he asserted.  And as we stated in *Amway Corp*, "jurisdiction becomes intertwined with the merits of a cause of action when a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief."  *Amway Corp.*, 323 F.3d at 926 (quotation marks omitted).  Here, the RICO statute did not provide the district court with a basis for subject matter jurisdiction—which could exist only under either § 1331 or § 1332—but instead provided only the basis for Gilberti's claim for relief.  *See id.*

Additionally, the appellees' contention that the district court did not err in concluding that Gilberti's claims were "patently without merit" is correct as a matter of law.  *See McGinnis*, 918 F.2d at 1494.  Even assuming *arguendo* that Gilberti

---

[2] *Morrison v. Amway Corp.*, 323 F.3d 920 (11th Cir. 2003).

does have an endless alkaline spring water aquifer (the "Blue Gold river") located under his property, he has failed to establish that the appellees, all of whom are Florida entities, conspired together to keep the aquifer's existence a secret, such that a RICO claim may have been sufficiently alleged.  Gilberti offered no evidence or factual support for his incredulous accusations that the appellees worked together to, *inter alia*, (1) increase cancer rates; (2) raise water bills; (3) encourage the opioid epidemic; or (4) encourage domestic terrorism.  The outlandish nature of his allegations is further evidenced by his requests for relief that federal courts generally cannot provide, including (1) reporting the appellees to President Trump, the U.S. Attorney's Office, Congress, and the military for investigation of treason; (2) ordering the appellees to provide expedited funding for connecting the Blue Gold river to the local water system; and (3) investigating the engineers employed by defendant firms.  Thus, the district court correctly determined that Gilberti's complaint warranted dismissal under Fed. R. Civ. P. 12(b)(1) because his claims were "essentially fictitious" and "obviously without merit."  *See Hagans*, 415 U.S. at 537; *see also Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1352.

Thus, as there is no substantial question about the outcome of the case, and Gilberti's appeal is clearly frivolous, we GRANT the appellees' motion for summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Accordingly, we DENY the accompanying motion to stay the briefing schedule as moot.

6